Requestor: John L. Kirkpatrick, Village Attorney Village of Fort Plain P.O. Box 350 Fort Plain, New York 13339
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether one person may hold simultaneously the positions of member of the zoning board of appeals and superintendent of public works of a village.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
The zoning board of appeals has responsibility for determining appeals of zoning enforcement decisions made by village officials and also determines applications for variances and special permits (Village Law, § 7-712). Generally, the superintendent of public works is responsible for the repair and maintenance of village highways and other related elements of the village infrastructure (e.g., § 14-1414). We presume that the powers and duties of your village's board of appeals and superintendent of public works are consistent with the functions set forth above.
In our view, there is no apparent conflict between the duties of these two positions nor is one subordinate to the other. While it is conceivable that the zoning board of appeals might request information from the superintendent of public works in relation to a matter pending before the board, this is not a source of conflict. The provision of information to assist the zoning board of appeals would complement the duties of the members of the board.
If a situation arises in which this individual cannot impartially serve in both capacities or where there is an appearance of a conflict of interests, he should recuse himself from acting to avoid the conflict. In that we foresee no inevitable and substantial conflicts between these two positions, recusal is an appropriate remedy for a discrete conflict.
We conclude that the positions of member of a zoning board of appeals and superintendent of public works of a village are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.